# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| VERTICAL COMPUTER SYSTEMS, <br> INC. AND NOW SOLUTIONS, INC. <br><br> *Plaintiffs,* <br> v. <br><br> DEREK WOLMAN AND DAVIDOFF, <br> HUTCHER, AND CITRON, LLP., <br><br> *Defendants.* | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:24-cv-395 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue and Brief in Support (the "Motion") (Dkt. #6). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED in part**.

### BACKGROUND

**I.     Factual Background**

This dispute arises from a series of transactions between two companies and their attorney. Plaintiffs Vertical Computer Systems Inc. ("Vertical") and NOW Solutions, Inc. ("NOW") (collectively, "Plaintiffs") allege that Defendants Derek Wolman ("Wolman") and Davidoff, Hutcher, and Citron, LLP. ("DHC") (collectively, "Defendants") engaged in a continuing breach of their fiduciary duties (Dkt. #1 at p. 3). According to Plaintiffs, Defendants used Plaintiffs as "a conduit for corruption through direction, advice, and control over" Plaintiffs' former Chief Executive Officer, Richard Wade ("Wade"), "by engaging in a pattern of racketeering activity" (Dkt. #1 at p. 3).

## II. Procedural History

On May 7, 2024, Plaintiffs filed their Complaint (Dkt. #1). The Complaint asserts claims for fraudulent inducement, breach of fiduciary duty, conspiracy, and violation of 18 U.S.C. § 1961 *et seq.* (the Racketeer Influenced and Corrupt Organizations Act) (Dkt. #1 at pp. 3, 26, 30). Moreover, Plaintiffs seek declaratory judgment relating to the breach of fiduciary duty claim and the validity of a New York judgment obtained by Wolman against NOW in 2017 (Dkt. #1 at p. 30).

On August 9, 2024, Defendants filed a Motion to Dismiss or, in the Alternative, to Transfer Venue and Brief in Support (Dkt. #6). The grounds for dismissal include improper venue and res judicata, and Defendants alternatively seek transfer to the Southern District of New York under 28 U.S.C § 1404(a) based on forum-selection clauses governing the transactions at issue (Dkt. #6 at pp. 1, 33–34). On September 13, 2024, Plaintiffs filed a Response, and Defendants filed a Reply on October 16, 2024 (Dkt. #18; Dkt. #30).

## LEGAL STANDARD

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)." *In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 313 (5th Cir. 2008).

For the ordinary § 1404(a) motion, the Court makes a threshold inquiry into "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed," or whether all parties have consented to a particular jurisdiction. *In re Volkswagen AG*

2

(*"Volkswagen I"*), 371 F.3d 201, 203 (5th Cir. 2004). The Court then considers the propriety of transfer based on the convenience of the parties (referred to as the "private interest factors") and various public interest considerations (the so-called "public interest factors"). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* In determining whether to transfer a case under a forum-selection clause, the Court first determines whether the forum-selection clause is mandatory or permissive. *Weber v. PACT XPP Tech., AG*, 811 F.3d 758, 770–71 (5th Cir. 2016). The Court then decides whether the forum-selection clause applies to the dispute at hand, which involves two separate determinations: (1) whether the forum-selection clause is valid and enforceable; and (2) whether the case falls within the scope of the forum-selection clause. *Id.* at 770.

Forum-selection clauses are presumptively valid and should be enforced "unless [the party opposing enforcement can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593–95 (1991) (noting that forum-selection clauses are presumptively valid even absent arm's-length bargaining); *Haynsworth v. The Corp.*, 121 F.3d 956, 962–63 (5th Cir. 1997). The party resisting transfer therefore bears the "heavy burden" of showing that enforcement of the clause would be unreasonable under the circumstances. *See, e.g.*, *Weber*, 811 F.3d at 773–74; *Haynsworth*, 121 F.3d at 962–63.

Ultimately, if the forum-selection clause is valid and enforceable, district courts are required "to adjust their usual § 1404(a) analysis in three ways." *Atl. Marine*, 571 U.S. at 63. First,

3

the plaintiff's choice of forum carries no weight. *Id.* Second, the court "must deem the private-interest factors to weigh entirely in favor of the pre-selected forum." *Id.* at 64. That is, the court may consider arguments only about public interest factors. *Id.* Because the public interest factors will rarely defeat a motion to transfer, "forum-selection clauses should control except in unusual cases." *Id.* Third, the transferee venue—that is, the pre-selected forum—will not carry with it the original venue's choice of law rules. *Id.*

## ANALYSIS

Defendants move to dismiss the case based on improper venue and other grounds, or, in the alternative, to transfer the case to the Southern District of New York under § 1404(a) (Dkt. #6 at pp. 1, 21, 33–34). Because "the court is transferring this case under § 1404(a), and because it would not dismiss the case . . . even if venue were improper in this district, the court will assume *arguendo* that venue is proper and will proceed to [D]efendants' motion under § 1404(a)." *Van Rooyen v. Greystone Home Builders, LLC*, 295 F. Supp. 3d 735, 744 (N.D. Tex. 2018).[1]

### I.  The Forum-Selection Clauses at Issue Are Enforceable

Plaintiffs dispute only whether the forum-selection clauses at issue are enforceable (*See* Dkt. #18 at pp. 20–22).[2] Plaintiffs "realize that there is a high bar to avoid a forum selection clause," but

---

[1] The Court also proceeds to the § 1404(a) analysis without addressing Defendants' personal jurisdiction argument. Courts sometimes analyze personal jurisdiction before denying a motion to transfer, *see e.g.*, *Fagan v. Nexo Cap. Inc.*, No. 4:24-CV-466, 2025 WL 2446301, at *7 (E.D. Tex. Aug. 25, 2025), but here, the Court finds that a mandatory forum-selection clause warrants transfer. And the Court would not dismiss the case even if it lacked personal jurisdiction. *See e.g.*, *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 402–04 (E.D. Tex. 2022) (citation modified) (ordering transfer despite finding lack of personal jurisdiction); *see also Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, 347 F. Supp. 3d 266, 273 (N.D. Miss. 2018) ("Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating.").

[2] Because Plaintiffs do not argue the forum-selection clauses are permissive or that this dispute is outside their scope, the Court does not list the text of all clauses. One example reads, in pertinent part:

> IN ORDER TO INDUCE PAYEE TO ACCEPT THIS NOTE, DEBTOR UNCONDITIONALLY CONSENTS TO THE EXCLUSIVE JURISDICTION OF THE FEDERAL COURTS LOCATED IN THE SOUTHERN DISTRICT OF NEW YORK, NEW YORK COUNTY AND

4

argue enforcement would be unreasonable because the clauses were procured by Defendants' fraud or overreaching (Dkt. #18 at p. 21) (citing *Calix-Chacon v. Glob. Int'l Marine, Inc.*, 493 F.3d 507, 514 (5th Cir. 2007)). Defendants respond that the party resisting enforcement of a forum-selection clause must show fraud or overreach specifically directed at the forum-selection clause—and that Plaintiffs failed to do so here (Dkt. #30 at p. 10). The Court concludes that the forum-selection clauses are enforceable because Plaintiffs have not alleged that fraud or overreach was directed at the forum clauses themselves.

### A. Fraud or overreach must be directed at the forum-selection clause to make it unenforceable.

"Arguments that go to the validity of the contract as a whole do not prevent enforcement of a forum selection clause; instead, a party seeking to avoid enforcement must demonstrate that the forum selection clause is invalid rather than merely claim the contract is invalid." *NavSav Holdings, LLC v. Beber*, 724 F. Supp. 3d 615, 636 (E.D. Tex. 2024) (citation modified) (citing *Weber*, 811 F.3d at 773). Indeed, "fraud and overreaching allegations must be specific to a forum selection clause in order to invalidate it." *Id.* at 636 (citing *Haynsworth*, 121 F.3d at 963). As the Supreme Court explained, the exception for fraud or overreach "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that a[] . . . forum-selection clause is not enforceable if the *inclusion of that clause in the contract* was the product of fraud or coercion." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 n.14 (1974) (emphasis in original) (citation modified).

---

THE NEW YORK STATE COURTS LOCATED IN NEW YORK COUNTY FOR ANY ACTIONS AND PROCEEDINGS ARISING, DIRECTLY OR INDIRECTLY, IN CONNECTION WITH, OUT OF, RELATED TO OR ARISING FROM THIS NOTE.

(Dkt. #7-5 at p. 14–15).

5

Accordingly, the Court examines whether Plaintiffs' arguments go to the validity of the contracts at issue or the inclusion of the forum-selection clauses within them.

### B. Plaintiffs have not alleged or demonstrated that fraud or overreach were directed at the forum-selection clauses at issue.

The Court finds that the forum-selection clauses in the contracts at issue are enforceable because Plaintiffs' arguments do not attack the inclusion of the forum-selection clauses in the contracts at issue but the validity of the contracts themselves.

Plaintiffs state that "[i]n every case the contracts . . . were drafted by Wolman," and that there is "no evidence that anyone other than Wade from [Plaintiffs] had any input into the language" (Dkt. #18 at p. 21). Further, Plaintiffs allege that "[a]t all times Wade was acting in collusion with [Defendants] to profit at the expense of [Plaintiffs]" (Dkt. #18 at p. 21). And when discussing specific contracts, Plaintiffs state that one contract "was an outright bribe to Wolman," and that certain loans "are not valid contracts" because they lack consideration and were not obtained through arms-length negotiations (Dkt. #18 at pp. 21–22). Plaintiffs ask: "[h]ow could a bribe from Wade to Wolman, with no consideration to either [Plaintiff], be an enforceable contract with an enforceable forum selection clause?" (Dkt. #18 at p. 21).

These arguments are "unpersuasive because fraud refers to the insertion of the forum selection clause itself, not the validity of the contract in its entirety." *CyrusOne LLC v. Hsieh*, No. 4:21-CV-263, 2021 WL 2936379, at *6 (E.D. Tex. July 13, 2021) (citation modified) (holding that the plaintiff's lack of representation by counsel when negotiating an employment agreement did not make forum-selection clause unenforceable). That no one other than Wade had input into the contract "is a challenge to the entirety of the [contract], not specifically the forum-selection clause." *Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *6 (E.D. Tex.

Apr. 25, 2018) (holding a forum-selection clause enforceable because the plaintiff's allegation that he was prohibited from using independent counsel was not specific to the forum-selection clause).

Plaintiffs' other arguments fare no better. Lack of consideration is a challenge to the contract in its entirety. And a lack of arms-length negotiation is insufficient to make a forum-selection clause unenforceable.[3] *See Carnival Cruise Lines*, 499 U.S. 585 at 593–95. Moreover, Plaintiffs' allegations do not resemble those in cases where courts set aside forum-selection clauses due to fraud. For example, in *Niemi v. Lasshofer*, the plaintiff alleged that during negotiations, a defendant stated that a forum-selection clause was included in the contract because it was included in other contracts with borrowers—when no other borrowers existed. 770 F.3d 1331, 1352 (10th Cir. 2014). The court thus concluded that the clause itself "was fraudulently induced." *Id*.

In contrast, here, Plaintiffs fail to "connect the alleged fraud directly to the forum-selection clause." *Int'l Turbine Servs., LLC v. Puerto Quetzal Power, LLC*, No. 1:21-CV-1154, 2023 WL 4987603, at *7 (W.D. Tex. Apr. 20, 2023). As a result, "[t]his Court has no choice but to reject [the] fraud allegations in relation to the enforceability of the forum-selection clause." *Id*.

## II.     No Extraordinary Circumstances Weigh Against Transfer Here

Having determined that the forum-selection clauses are enforceable, they must be given "controlling weight" unless Plaintiffs can show that this is the "unusual" case in which "extraordinary circumstances" disfavor transfer. *See Atl. Marine*, 571 U.S. at 64; *Weber*, 811 F.3d at 776. Only the public interest factors are relevant to this inquiry. *Atl. Marine*, 571 U.S. at 64. The public interest factors are: "(1) the administrative difficulties flowing from court congestion;

---

[3] Further, Plaintiffs do not address Defendants' argument that some allegedly predatory contracts (with forum-selection clauses) were the product of arms-length negotiations because Plaintiffs were represented by independent counsel (*See* Dkt. #6 at p. 8; *see generally* Dkt. #18).

7

(2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Volkswagen II*, 545 F.3d at 315 (citation modified).

"At all times, the party opposing transfer bears the burden of showing that the public interest factors overwhelmingly disfavor transfer." *Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491, at *16 (E.D. Tex. July 20, 2023) (citation modified). With heavy reliance on their unenforceability argument, Plaintiffs make little attempt to meet this burden (*See* Dkt. #18 at p. 26) (starting § 1404(a) argument by stating that "Plaintiffs have already addressed the forum selection clauses in depth. Contracts which have no consideration, or which were procured by fraud or overreaching, should not be honored"). Moreover, Plaintiffs focus on private—not public—interest factors (*See* Dkt. #18 at p. 26) (primarily addressing location of evidence, witnesses, and parties). Nevertheless, the Court performs its own analysis and concludes that no extraordinary circumstances disfavor transfer.

### A.    Administrative Difficulties Flowing from Court Congestion

The first of the four public interest factors looks to the administrative difficulties flowing from court congestion. *See e.g.*, *Stellar Restoration Servs., LLC v. James Christopher Courtney*, 533 F. Supp. 3d 394, 427 (E.D. Tex. 2021). This factor "considers not whether transfer will reduce a court's congestion, but whether a trial may be speedier in another district because of its less crowded docket." *Id*. (citation modified). Of the four public interest factors, this factor is necessarily "the most speculative," and, as such, it alone should not outweigh the other factors. *Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 871 (E.D. Tex. 2012). This factor generally weighs in favor of the district with fewer cases per judge, *see Frito-Lay*, 867 F. Supp. 2d at

871–72, or the district with a faster median time for disposition of civil cases. *See e.g.*, *Young v. Cap. One Bank USA NA*, No. 3:22-CV-00647, 2022 WL 17084387, at *4 (N.D. Tex. Nov. 18, 2022).

For the twelve-month period ending on June 30, 2025, there were approximately 520 civil cases per judge in the Eastern District of Texas, with a median time of 7.1 months for disposing of civil cases. *United States District Courts—National Judicial Caseload Profile*, UNITED STATES COURTS, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0630.2025.pdf. During the same twelve-month period, there were 389 civil cases per judge in the Southern District of New York, with a median time of 5.6 months for disposing of civil cases. *Id.*

Because the Southern District of New York has less cases per judge and a faster median time for disposition of civil cases, this factor favors transfer.

### B. Local Interests in Having Localized Interests Decided at Home

The second public interest factor assesses the local interests implicated in a case to "uphold the principle that jury duty is a burden that ought not to be imposed on the people of a community which has no relation to the litigation." *See e.g.*, *Stellar*, 533 F. Supp. 3d at 428 (citation modified). This factor generally weighs in favor of the district where the acts giving rise to the suit occurred. *Meta*, 2023 WL 4670491, at *17 (citing *Stellar*, 533 F. Supp. 3d at 428). "For this reason, Texas has a localized interest in a case involving a Texas plaintiff alleging that he suffered harm in this state." *Id.* (citing *Stellar*, 533 F. Supp 3d at 428).

Here, both Plaintiffs are headquartered in Texas and allege they suffered harm in Texas, (Dkt. #1 at pp. 1–2), so Texas has a localized interest in the dispute. However, Plaintiffs allege that Wolman is a New York resident and DHC is a New York law firm (Dkt. #1 at pp. 1–2). "Thus, New York also has a strong local interest in the case." *Mansour v. Morgan Stanley*, No. 4:24-CV-459,

2025 WL 2380456, at *32 (E.D. Tex. Aug. 15, 2025) (citation modified) (finding New York had local interest when defendants were headquartered in New York). Thus, this factor is neutral.

### C.  Familiarity of the Forum with the Law that Will Govern the Case

The third public interest factor looks to the relative familiarity of the transferor and transferee districts with the law that will govern the case. *See, e.g., Stellar*, 533 F. Supp. 3d at 428. Even though this factor focuses on the applicable law, courts may consider whether the parties have filed "other lawsuits" alleging "a similar fact pattern" before the court when analyzing this factor. *See id*. at 429 (considering that court was "accustomed to suits" filed by the plaintiff "all alleging a similar fact pattern" when analyzing the familiarity public interest factor). Further, something "exceptionally arcane" about a specific state's law must exist to justify finding that a federal judge in that state is "better equipped" to interpret it. *In re TikTok, Inc.*, 85 F.4th 352, 366 (5th Cir. 2023).

Defendants argue the "New York courts are already familiar with the facts and legal issues from prior litigation involving the same parties and transactions" (Dkt. #6 at p. 35). According to Defendants, the "federal court in New York can ensure consistency with the state court's prior rulings" (Dkt. #6 at p. 39 n.12). Plaintiffs respond that: "The New York court has held that the defenses and attacks on the 2017 judgment [obtained by Wolman against NOW] were filed too late under New York law. That in no way will affect a determination in Texas as to the pattern of racketeering which is in contention here" (Dkt. #18 at p. 26).

The Court is unpersuaded by Plaintiffs' argument because even though they did not allege racketeering in New York, their attacks on the New York judgment alleged similar facts. For example, in New York, Plaintiffs argued that Defendant Wolman took "unethical and unlawful actions . . . in entering into" several transactions that charged "usurious interest" (Dkt. #7-2 at p. 19). Here, Plaintiffs allege that Wolman charged an "amount of interest . . . [that was] unfair and

10

predatory" (Dkt. #1 at p. 5). And Plaintiffs ask this court for declaratory judgment that the New York judgment was void for extrinsic fraud due to Wolman's actions (Dkt. #1 at p. 30).[4] Plaintiffs requested similar relief in New York (*See* Dkt. #7-2 at p. 3) (arguing that New York judgment should be vacated "on the basis that [Wolman] has engaged in fraud" or "in the interests of justice"). Thus, Plaintiffs alleged a similar factual and legal basis for relief here as they did in New York.

In any event, even assuming Texas law governs this dispute, Plaintiff has not identified any "exceptionally arcane" aspect of Texas law that would make this Court better equipped to handle the case. *See TikTok*, 85 F.4th at 366. Due to that deficiency—and the factually and legally similar proceedings in New York—this factor weighs in favor of transfer.

### D. Avoidance of Unnecessary Problems of Conflicts of Law or the Application of Foreign Law

"The final public interest factor looks to the likelihood of unnecessary problems of conflict of laws or in the application of foreign law." *Meta*, 2023 WL 4670491, at *17 (citing *Coleman v. Brozen*, No. 4:19-CV-00705, 2020 WL 2200220, at *7 (E.D. Tex. May 6, 2020)). Here, neither party identifies a conflict of law issue, so the Court considers this factor neutral.[5]

\* \* \*

In sum, two public interest factors favor transfer, and the others are neutral. This is insufficient to show that the factors "overwhelmingly disfavor transfer," *Meta*, 2023 WL 4670491,

---

[4] Based on this New York judgment, Defendants invite the Court to dismiss this case on res judicata or collateral estoppel grounds (Dkt. #6 at pp. 25, 29). But because the Court finds the forum-selection clauses warrant transfer to the Southern District of New York, it does not reach this defense.

[5] Even construing Plaintiffs' request for declaratory judgment under the Texas Declaratory Judgment Act ("TDJA") as an argument that Texas law differs from New York's, no conflict exists because the TDJA does not govern proceedings in federal court. *See Rogers v. City of Yoakum*, 660 F. App'x 279, 284 (5th Cir. 2016).

at *16, or that "extraordinary circumstances" justify disregarding the forum-selection clauses. *Atl. Marine*, 571 U.S. at 64. Accordingly, the Court must give the clauses controlling weight and transfer the case to the Southern District of New York.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, to Transfer Venue and Brief in Support (Dkt. #6) is **GRANTED in part.**

It is further **ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Southern District of New York.

**IT IS SO ORDERED.**
SIGNED this 18th day of September, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE